IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-05107-RBJ

RUBEN SOTO MADRID,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

# ORDER

---

This matter comes before the Court on Ruben Soto Madrid's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1. Respondents have declined to submit an opposition brief. ECF No. 4. Petitioner has filed a response. ECF No. 5. For the reasons below, the Court finds that Petitioner's mandatory detention is unlawful and orders his immediate release.

## I. Background

The Petition alleges that Petitioner is a Mexican national who entered the United States on a tourist visa. *Id.* at ¶ 25. Petitioner has no criminal history and is married under Colorado common-law to a United States citizen. *Id.* Petitioner is

currently detained at Denver Contract Detention Facility in Aurora, Colorado. *Id.* at ¶ 33.

On August 22, 2026, Immigration and Customs Enforcement ("ICE") officers, in search of another individual, stopped Petitioner and asked for his documentation. *Id.* at ¶ 26. ICE officers stated that they stopped Petitioner because of his Mexican license plates. *Id.* at ¶ 27. They arrested Petitioner without presenting him with a warrant. *Id.* at ¶¶ 28–29. The document later presented to Petitioner only stated that there was probable cause that Petitioner is removable, not that he was likely to escape before a warrant could be obtained. *Id.* at ¶¶ 30–31. Petitioner has not been provided with a Notice to Appear or a Notice of Custody Determination. *Id.* at ¶ 32.

## II. Legal Standard

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-

cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sep. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

## III. Discussion

### a. Mr. Soto Madrid's detention is unlawful.

Mr. Soto Madrid's detention is unlawful under 8 U.S.C. § 1357(a)(2). An immigration officer can only conduct a warrantless immigration arrest if there is probable cause that: (1) the individual "is in the United States in violation of any [immigration] law or regulation," and (2) the individual is likely to escape before a warrant can be obtained for his arrest." *See* 8 U.S.C. § 1357(a)(2); *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969) (adopting "probable cause" standard in interpreting "reason to believe" language in § 1357(a)(2)).

Mr. Soto Madrid was not provided with an arrest warrant, but he was arrested without probable cause that he is a flight risk. Mr. Soto Madrid has no criminal history, and he is married at common law to a United States citizen. Respondents do not identify any circumstances that justify his warrantless arrest besides having a Mexican license plate. As such, Mr. Soto Madrid's arrest is unlawful under the Fourth Amendment.

### b. Release is the appropriate remedy.

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief," *Munoz Teran v. Bondi*, No. 25-

cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21 2026), and have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

Here, release is the only appropriate remedy that would restore the petitioner to status quo *ex ante*. ICE has unlawfully detained Petitioner despite there being no circumstances that justify his warrantless arrest. Respondents agree release is the appropriate remedy. ECF No. 4 at 2.

**IV. Conclusion**

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner from detention within 48 hours of this Order.
2. Respondents SHALL NOT impose additional release conditions other than those that petitioner was subject to prior to his arrest.
3. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.
4. Respondents SHALL return to the petitioner any personal property belonging to the petitioner that they possess.
5. Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: October 23, 2026.

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge